| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| REGINALD A. GARY, | No. 2:16-cv-1060 AC P |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner incarcerated under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff, who proceeds pro se, seeks relief pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 3.

Plaintiff has submitted a declaration that makes the showing required for in forma pauperis status under 28 U.S.C. § 1915(a). See ECF No. 4. However, because it is not clear that this action should proceed under 42 U.S.C. § 1983, no fee will be imposed at this time.

This court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from an immune defendant. See 28 U.S.C. § 1915A(b)(1), (2).

Review of the instant complaint indicates that the matters complained of should have been brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Plaintiff complains that he has completed his 17-year sentence but the records department at his place of incarceration, Deuel Vocational Institution, miscalculated his release date. Plaintiff seeks immediate release from prison and credit to his parole for the days he is being "held over." See ECF No. 1.

Review of the Inmate Locator website operated by CDCR indicates that plaintiff may no longer be incarcerated.[1] Plaintiff has not filed a change of address. The court will seek to inquire of plaintiff whether he wishes to proceed with this action under 28 U.S.C. § 2254,[2] or to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 4, is granted; however, no fee will be imposed until it is determined whether and how this action shall proceed.

2. Plaintiff shall, within 21 days after the filing date of this order, file a statement informing the court whether he wishes to proceed with this action under 28 U.S.C. § 2254, or to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

3. If plaintiff wishes to proceed with this action under 28 U.S.C. § 2254, he shall also submit, within 21 days after the filing date of this order, a completed petition for writ of habeas corpus on the form provided herewith.

---

[1] See http://inmatelocator.cdcr.ca.gov/search.aspx. See also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] The matters challenged by this action do not appear to require prior authorization from the Ninth Circuit Court of Appeals to proceed as a successive petition for writ of habeas corpus under 28 U.S.C. § 2244, as there appears to be no prior resolution of these matters by a federal court.

4. Failure to timely respond to this order will result in the involuntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, the form used by prisoners in this district to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

DATED: April 13, 2017.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE