UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD A. GARY,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | No. 2:16-cv-1060 AC P<br><br><br>ORDER |

    Plaintiff commenced this action while incarcerated at Deuel Vocational Institution (DVI), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff alleged that DVI/CDCR miscalculated his sentence credits based on his May 1997 sentence and wrongly denied him release. The complaint sought plaintiff's immediate release from prison, credit to plaintiff's term of parole for the days he was "held over," and monetary compensation for the days he was "falsely imprisoned." See ECF No. 1. The court construed the complaint as a putative petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and accorded plaintiff the opportunity to submit a completed habeas petition. See ECF No. 6. Because the nature of this case remained unclear, the court deferred ruling on plaintiff's motion to proceed in forma pauperis.

    Thereafter, plaintiff filed a partially completed habeas petition, ECF No. 9, and a notice of

1

change of address to the Los Angeles County Jail, in which he stated that he was being held as a civil detainee awaiting a probable cause hearing on a Sexually Violent Predator (SVP) petition, ECF No. 8. Review of this court's docket[1] demonstrates that plaintiff is now incarcerated at Coalinga State Hospital, under the authority of the California Department of State Hospitals. See Gary v. Kincaid et al., Case No. 1:18-cv-0612 LJO BAM. Once a person is adjudicated a sexually violent predator, he is "committed for an indeterminate term to the custody of the State Department of State Hospitals for appropriate treatment and confinement in a secure facility designated by the Director of State Hospitals." Cal. Welf. & Inst. Code § 6604.

Several problems beset the proposed habeas petition, as set forth below. Plaintiff will be accorded an opportunity to correct these deficiencies in an amended habeas petition, or to request the voluntary dismissal of this action without prejudice. The court will direct that this case be designated an action in habeas corpus pursuant to 28 U.S.C. § 2254, with the proper respondent.

The initial problem involves this court's jurisdiction. Section 2254 authorizes a federal court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is not clear from the current petition, even when read in tandem with the original complaint, whether plaintiff is currently "in custody" for purposes of challenging the calculation of his sentence credits based on his May 1997 sentence.

The Supreme Court has construed Section 2254 to require that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citation omitted) (finding federal petitioner "in custody" on a state sentence enhanced by an allegedly invalid prior state conviction). The Ninth Circuit Court of Appeals has held that a civilly committed habeas petitioner confined indefinitely

---

[1] See http://appellatecases.courtinfo.ca.gov/search. This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

2

pursuant to a SVP statute may challenge a prior, fully expired, criminal conviction upon a showing that the conviction served as a necessary predicate for petitioner's current commitment. See Brock v. Weston, 31 F.3d 887, 889-90 (9th Cir. 1994) (habeas petitioner confined indefinitely pursuant to the Washington SVP Act permitted to challenge a prior, fully expired criminal conviction upon a showing that the conviction served as a necessary predicate for petitioner's current confinement).

Although Brock was decided before the 1996 implementation of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and Prison Litigation Reform Act (PLRA), the Ninth Circuit relied on Brock to hold, in 2001, that "a habeas petitioner is 'in custody' for the purposes of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law because the earlier rape conviction 'is a necessary predicate' to the failure to register charge." Zichko v. Idaho, 247 F.3d 1015, 1019-20 (9th Cir. 2001), as amended (June 5, 2001) (citing Brock, 31 F.3d at 890, for the "holding that the habeas petitioner could challenge an earlier, expired conviction while involuntarily committed for treatment as a violent sexual predator"). "It is well settled that a habeas corpus petitioner meets the statutory 'in custody' requirements when, at the time he files the petition [ ] ... he is in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks." Carter v. Procunier, 755 F.2d 1126, 1129 (5th Cir.1985) (quoted with approval by the Ninth Circuit in Zichko, 247 F.3d at 1019).

As construed by another magistrate judge in this court, "[t]he cases of Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001), and Brock v. Weston, 31 F.3d 887 (9th Cir. 1994), stand for the proposition that a mental commitment 'conviction' bears a substantial nexus to a previous criminal conviction, if the criminal conviction is a necessary predicate to the civil commitment." Townsend v. King, 2014 WL 2197553, at *3, 2014 U.S. Dist. LEXIS 72115 at *8 (E.D. Cal. May 27, 2014) (Case No. 2:13-cv-00859 GEB GGH P (ECF No. 29 at 5)) (finding that petitioner's current commitment as a mentally disordered offender (MDO), was necessarily predicated on his prior violent criminal conviction and thus rendered petitioner "in custody" for purposes of attacking the prior criminal conviction). While these authorities indicate that plaintiff in this case

3

(hereafter "petitioner") may meet the "in custody" requirement under 28 U.S.C. § 2254, petitioner must so demonstrate in an amended petition.[2]

Next, and significantly, the proposed petition fails to set forth any grounds for relief. See ECF No. 9 at 4-5. Although it appears that petitioner anticipated the court would consider the petition in tandem with the complaint, that is not the case – a proposed petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 must be complete in itself. Appropriate exhibits may be attached, but the petition must contain all grounds for relief and all necessary factual allegations and not rely on any other document for completeness.

The current petition also fails to demonstrate whether petitioner exhausted his state court remedies or, if not, whether a stay of this proceeding is requested to do so. The petition states generally that an appeal to the California Supreme Court was previously filed, without providing further information, see id. at 3, and that a petition or appeal was then currently pending in an unidentified state or federal court, id. at 5. Section 2254 authorizes a federal court to grant only those federal claims that were previously exhausted in the state courts. 28 U.S.C. § 2254(b). Although an unexhausted habeas petition may, under limited circumstances, be stayed pending exhaustion, the petitioner must show that "'[1] petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016) (quoting Rhines v. Weber, 544 U.S. 269, 278 (2005)). The instant petition does not address exhaustion.

Finally, the proposed petition does not comply with the requirement that a federal petition for writ of habeas corpus name as respondent the state officer having current custody of the petitioner. See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Nevertheless, the court will direct the Clerk of Court to designate

---

[2] Should petitioner seek instead to challenge his SVP commitment directly, he must do so in a new case with a new petition. "It is well established that detainees under an involuntary civil commitment scheme such as SVPA may use a § 2254 habeas petition to challenge a term of confinement." Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (citing Duncan v. Walker, 533 U.S. 167, 176 (2001)).

4

this action as one filed pursuant to 28 U.S.C. § 2254, and identify the respondent as the Executive Director of Coalinga State Hospital.³

For these several reasons, IT IS HEREBY ORDERED that:

1. Petitioner shall, within thirty (30) dates after the filing date of this order: (1) file a First Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on the form provided herewith, <u>AND</u> (2) file a completed application to proceed in forma pauperis; <u>OR</u> (2) request the voluntary dismissal of this action without prejudice.

2. The Clerk of Court is directed to: (1) designate on the docket that this action is filed pursuant to 28 U.S.C. § 2254; (2) identify the respondent as Brandon Price, Executive Director, Coalinga State Hospital; and (3) send petitioner, together with a copy of this order: (a) a new application to proceed in forma pauperis, and (b) the form used by prisoners in this district to pursue a petition for writ of habeas corpus under 28 U.S.C. § 2254.

3. Failure of petitioner to timely comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: August 22, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

³ Should petitioner indicate that he intends to proceed in this action with a First Amended Petition, this court will then consider whether it is appropriate to transfer this case to the Fresno Division of this court based on venue considerations.

5